# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS



FIELDTURF INTERNATIONAL, INC., and
FIELDTURF, INC.,

       Plaintiffs,

vs.

       Case No.: 040-6474
       Hon. Blanche M. Manning
       Mag. Judge: Ian H. Levin

GENERAL SPORTS TURF, LLC,

       Defendant.

---

Jody L. Factor., Esq.
Edward L. Bishop, Esq.
**FACTOR & LAKE, LTD.**
1327 W. Washington Boulevard
Suite 5G/H
Chicago, IL 60607
(312) 226-1818

*Attorneys for Plaintiffs*

John A. Artz (P 24679)
John S. Artz (P 48578)
Robert P. Renke (P 59030)
Steven W. Hays (P 53786)
**ARTZ & ARTZ P.C.**
28333 Telegraph Road, Suite 250
Southfield, MI 48034
(248) 223-9500

Thomas J. Wimbiscus
Robert A. Surrette
**McANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661

*Attorneys for Defendant*

---

## NOTICE OF MOTION TO DISMISS OR TRANSFER VENUE FOR LACK OF VENUE

TO PLAINTIFF AND Its Counsel of Record:

    PLEASE TAKE NOTICE that on November 18, 2004 at 11:00 a.m. or as soon thereafter

as counsel may be heard, in the Courtroom of the Honorable Blanche M. Manning in the United

States Courthouse, 219 South Dearborn Street, Chicago, Illinois, Defendant General Sports Turf,



Inc., by and through its counsel of record, will hereby present its Motion to Dismiss or Transfer for Lack of Venue.

By: _____

Thomas J. Wimbiscus
Robert A. Surrette
**McANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661

John A. Artz (P 24679)
John S. Artz (P 48578)
Robert P. Renke (P 59030)
Steven W. Hays (P 53786)
**ARTZ & ARTZ P.C.**
28333 Telegraph Road, Suite 250
Southfield, MI 48034
(248) 223-9500

***Attorneys for Defendant***

Dated: November 15, 2004

# CERTIFICATE OF SERVICE

I certify that on this 15th day of November, 2004, I served a copy of the foregoing **Notice of Motion To Dismiss Or Transfer for Lack of Venue** via Hand Delivery as follows:

> Jody L. Factor
> Edward L. Bishop
> Factor & Lake, Ltd.
> 1327 W. Washington Boulevard
> Suite 5G/H
> Chicago, IL  60607

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS



NOV 2 4 2004

FIELDTURF INTERNATIONAL, INC., and
FIELDTURF, INC.,

       Plaintiffs,

vs.

       Case No.: 040-6474
       Hon. Blanche M. Manning
       Mag. Judge. Ian H. Levin

GENERAL SPORTS TURF, LLC,

       Defendant.

---

| | |
|---|---|
| Jody L. Factor., Esq.<br>Edward L. Bishop, Esq.<br>**FACTOR & LAKE, LTD.**<br>1327 W. Washington Boulevard<br>Suite 5G/H<br>Chicago, IL 60607<br>(312) 226-1818<br><br>***Attorneys for Plaintiffs*** | John A. Artz (P 24679)<br>John S. Artz (P 48578)<br>Robert P. Renke (P 59030)<br>Steven W. Hays (P 53786)<br>**ARTZ & ARTZ P.C.**<br>28333 Telegraph Road, Suite 250<br>Southfield, MI 48034<br>(248) 223-9500<br><br>Thomas J. Wimbiscus<br>Robert A. Surrette<br>**McANDREWS, HELD & MALLOY, LTD.**<br>500 West Madison Street, 34th Floor<br>Chicago, Illinois 60661<br><br>***Attorneys for Defendant*** |

---

## DEFENDANT'S MOTION TO DISMISS
## OR TRANSFER FOR LACK OF VENUE

**NOW COMES** Defendant, GENERAL SPORTS TURF, LLC (hereinafter referred to as

"General Sports" or "defendant"), by and through its attorneys, ARTZ & ARTZ P.C, and files

this motion to dismiss this action due to improper venue, as authorized 28 U.S.C. §§ 1391(b) and

1



1400(b) and 1406(a), or alternatively, in support of defendants' motion to transfer this action to the United States District Court for the Eastern District of Michigan, Southern Division, as authorized 28 U.S.C. §§1404(b) and 1406(a), where venue is proper.

The complete basis for Defendant's motion is set forth in the accompanying brief being submitted herewith. However, in summary, Defendant lacks any significant contacts with the present forum. Defendant has not sold or installed any of the allegedly infringing fields in this District – let alone in Illinois. Further, Defendant has not participated in any bids to sell or install any of the allegedly infringing fields in this District – let alone in Illinois. The only contacts that Defendant has with the District resides in the promotion on its website of a field that Plaintiff contends infringes the '885 patent in suit. Plaintiff also lacks significant contacts with this District. It appears that the only reason Plaintiff selected this forum is for the convenience of its counsel who is located in this District. This is not sufficient to justify venue in this District. Thus, for the convenience of the parties and the witnesses and in the interest of justice, this case should be dismissed for lack of venue of should be transferred to the United States District Court for the Eastern District of Michigan.

Pursuant to Local Rule 7.1, counsel for Defendant, Steven Hays, contacted Jody Factor, counsel for Plaintiffs to seek their concurrence in the relief requested in the present Motion. However, Plaintiffs did not concur in the requested relief and indicated that it would oppose the present Motion.

Respectfully Submitted,

**ARTZ & ARTZ** PLC

By: _____

Thomas J. Wimbiscus
Robert A. Surrette
**McANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661

John A. Artz (P 24679)
John S. Artz (P 48578)
Robert P. Renke (P 59030)
Steven W. Hays (P 53786)
**ARTZ & ARTZ P.C.**
28333 Telegraph Road, Suite 250
Southfield, MI 48034
(248) 223-9500

*Attorneys for Defendant*

Dated: November 15, 2004

3

## CERTIFICATE OF SERVICE

I certify that on this 15th day of November, 2004, I served a copy of the foregoing **Defendant's Motion To Dismiss Or Transfer for Lack of Venue** via Hand Delivery as follows:

> Jody L. Factor
> Edward L. Bishop
> Factor & Lake, Ltd.
> 1327 W. Washington Boulevard
> Suite 5G/H
> Chicago, IL  60607

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

DOCKETED

NOV 2 4 2004

FIELDTURF INTERNATIONAL, INC., and
FIELDTURF, INC.,

        Plaintiffs,

vs.

        Case No.:  040-6474
        Hon. Blanche M. Manning
        Mag. Judge. Ian H. Levin

GENERAL SPORTS TURF, LLC,

        Defendant.

---

Jody L. Factor., Esq.
Edward L. Bishop, Esq.
**FACTOR & LAKE, LTD.**
1327 W. Washington Boulevard
Suite 5G/H
Chicago, IL 60607
(312) 226-1818

*Attorneys for Plaintiffs*

John A. Artz (P 24679)
John S. Artz (P 48578)
Robert P. Renke (P 59030)
Steven W. Hays (P 53786)
**ARTZ & ARTZ P.C.**
28333 Telegraph Road, Suite 250
Southfield, MI  48034
(248) 223-9500

Thomas J. Wimbiscus
Robert A. Surrette
**McANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661

*Attorneys for Defendant*

---

# DEFENDANT'S BRIEF IN SUPPORT OF MOTION
# TO DISMISS FOR LACK OF VENUE OR TRANSFER
# VENUE UNDER 28 U.S.C. § 1406(a)

6

## I.    INTRODUCTION

Plaintiffs FIELDTURF INTERNATIONAL, INC. and FIELDTURF, INC. ("FieldTurf") and Defendant GENERAL SPORTS TURF, LLC ("GST") both manufacture and sell synthetic turf surfaces. While GST is a relative newcomer to the industry, having only begun selling and installing fields in 2003, it has quickly developed a reputation for high quality fields as well as timely installation of those fields for its customers. Due to its quick success, GST has drawn the attention of FieldTurf, which has elected to try the same bullying tactics with GST that it has employed with other companies in the industry. These bullying tactics have included threatening its competitors' potential customers with patent infringement lawsuits in order to divert business to FieldTurf. If those tactics prove unsuccessful, FieldTurf has a history of forcing competitors to defend against questionable patent infringement allegations in an effort to cause them needless and undue expense.

Here, FieldTurf filed suit on October 7, 2004, against GST for infringement of U.S. Patent No. 6,338,885 ("the '885 patent"), which relates generally to a synthetic athletic field having an infill consisting of rubber and sand, where the sand is utilized to help weight down the rubber and minimize its movement. FieldTurf filed suit in the Northern District of Illinois, Eastern Division, despite the fact that none of the parties reside in the forum and despite the fact that GST has not sold or installed any allegedly infringing fields in this forum. FieldTurf's principal contact with this forum is that its counsel resides here. Given GST's lack of contact with this forum, as well as the lack of any allegedly infringing activities within the forum, the convenience of the parties and witnesses as well as the interest of justice compel dismissal of this action for lack of venue. Alternatively, this Court should transfer the present lawsuit to the United States District Court for the Eastern District of Michigan, Southern Division, where

GST resides and where FieldTurf has done significant business, for consolidation with an identical action currently pending between the parties that is captioned *General Sports Turf, LLC v. FieldTurf International, Inc.*, (Civil Action 04-60241, Judge Battani).[1]

## II.    DISMISSAL FOR IMPROPER VENUE

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular place of business.

For purposes of section 1400(b), a non-resident corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); See *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583-84 (Fed Cir. 1990).

### A.    Applicable Law To Dismissal For Improper Venue

A court has discretion to dismiss an action that is filed in an improper judicial district. 28 U.S.C. §1406(a).  To survive a motion to dismiss, a Plaintiff must make a *prima facie* showing that the Defendant is subject to personal jurisdiction. *Electronics For Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1349 (Fed. Cir. 2003). Because this is a patent infringement case, the Court must apply Federal Circuit law to determine whether personal jurisdiction may be exercised. *Hildebrand v. Steck Mfg. Co., Inc.,* 279 F.3d 1351, 1354 (Fed. Cir. 2002).

Determining if a court can exercise personal jurisdiction over a nonresident defendant entails two inquiries: (1) whether the forum state's "long-arm" statute permits service of

---

[1] GST recently filed a Declaratory Judgment action in Michigan which has the identical issues as the present case. (Copy of Complaint attached as Exhibit B.)

process and (2) whether the assertion of jurisdiction would be inconsistent with due process. *Electronics,* 340 F.3d at 1349. The Illinois "long-arm" statute, 735 ILCS 5/2-209(c), permits Illinois courts to exercise personal jurisdiction over a defendant on any basis allowed under the due process clauses of the Federal and Illinois Constitutions. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 939 (7th Cir. 2000).

The federal test for determining personal jurisdiction begins with the now familiar requirement that the defendant must have "purposefully established minimum contacts within the forum state," *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985), "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1946). Under this "minimum contacts" test, a defendant may be subject to either specific or general jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state even when the cause of action has no relation to those contacts. *Id.* Conversely, specific jurisdiction "arises out of" or "relates to" the cause of action even if those contacts are "isolated and sporadic." *LSI Indus.* at 1375.

Here, establishing specific jurisdiction requires FieldTurf to demonstrate that GST "should reasonably anticipate being hauled into court [in the forum State]," *Burger King,* 471 U.S. at 474, because through "some act" GST has "purposefully availed itself of the privilege of conducting activities" in that forum. *Burger King,* 471 U.S. at 475 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). In addition, the assertion of specific jurisdiction over

GST must be "reasonable and fair." *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999). In this case, GST is not subject to either general or specific jurisdiction.

**B.    GST Is Not Subject To Personal Jurisdiction In Illinois**

**1.    GST Has Not Bid On Or Installed *Any* Fields In Illinois, Let Alone Any Infringing Fields**

As the Plaintiff notes in the Complaint, GST is a Michigan domestic limited liability company having its principal place of business at 400 Water Street, Suite 250, Rochester, Michigan. (Complaint, ¶5.) GST does not have a place of business in the State of Illinois, and does not have a license to do business in Illinois. (Declaration of Dana Schmitt, ¶6, copy appears as Exhibit A.) FieldTurf has not alleged otherwise.

GST has successfully installed fields in several locations, including Nebraska, Kansas, and Michigan. (Schmitt Decl., ¶7.) To date, however, GST has never sold or installed a sports field in Illinois, much less any field having the configuration that FieldTurf alleges embody the claims in the '885 patent. (Schmitt Decl., ¶¶4;6.) Again, FieldTurf has not alleged in its Complaint that GST has installed any allegedly infringing fields in Illinois. Furthermore, GST does not have any employees or representatives based in Illinois. (Schmitt Decl., ¶6.) In fact, GST's only contacts with the State of Illinois have been negligible.

It is unreasonable to consider these contacts as "continuous and systematic" so as to invoke general jurisdiction over GST. *LSI Indus., Inc.*, 232 F.3d at 1375. Further, it would be unreasonable and unjust to consider these isolated and sporadic contacts as sufficient to invoke specific jurisdiction, particularly because these negligible contacts do not even relate to acts that FieldTurf alleges infringe the claims of the '885 patent. *HollyAnne Corp.*, 199 F.3d at 1307. These negligible contacts simply do not rise to such a level that GST should reasonably anticipate being hauled into court in Illinois. Therefore, exercise of jurisdiction over GST in

4

this case would offend traditional notions of fair play and substantial justice. *Burger King*, 471 U.S. at 474-76; *International Shoe Co.*, 326 U.S. at 316.

### 2.   GST's Website Does Not Provide A Basis For This Court To Exercise Jurisdiction Over GST

FieldTurf also alleges in their complaint that GST's listing on its website of a product that allegedly infringes the '885 patent constitutes an infringing offer for sale and presumably also establishes a basis for jurisdiction and venue in Illinois. (Complaint, ¶17.)  This allegation is incorrect as a matter of fact and law.  The mere listing of an allegedly infringing product on a website that is classified as a "passive website" is not sufficient to invoke personal jurisdiction. See *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123-24 (W.D.Pa.1997); *Infosys Inc. v. Billingnetwork.com, Inc.*, 2003 WL 22012687 (N.D.Ill.2003); *Berthold Types Ltd. v. European Mikrograf Corp.*, 102 F.Supp.2d. 928 (N.D.Ill.2000); *Ty Inc. v. Clark*, 2000 WL 51816 (N.D. Ill. 2000).   Many Courts have defined a "passive website" as one that, while accessible from a particular location, does not allow a person to interact with the website, such as by ordering products therefrom. *Berthold Types*, 102 F.Supp at 928.

The GST website constitutes a passive website.  GST's website does not facilitate further online communication or interaction with viewers.  (Schmitt Decl., ¶5.)  Instead, the GST website merely provides information about its company as well as serving as an advertisement for its products.  (Schmitt Decl., ¶5.)  A customer or potential customer cannot place an order for any GST product by interacting with its website.[2]  (Schmitt Decl., ¶5.)

This entire patent lawsuit arises from the appearance on GST's website of a potential

---

[2] A potential customer can also send an e-mail to the GST server to the extent they have a question or would like additional information, but this does not make the website interactive as defined by the caselaw.

product option that is referred to as siliceous sedimentary compound, which can be used as a portion of the infill. While GST has never sold or installed any field having this siliceous sedimentary c ompound – and have advised FieldTurf a s such -- FieldTurf contends that the appearance of this information on GST's website constitutes an offer for sale of a field that it contends infringe claims of the '885 patent. Specifically, FieldTurf contends that this siliceous sedimentary compound is equivalent to sand (which is required by claim 7) or hard particles between 4 and 70 mesh (which is required by claim 10). However, FieldTurf's contentions are spurious as the siliceous sedimentary compound listed on the website is not the equivalent of sand. (Schmitt Decl., ¶3.) The siliceous sedimentary compound does not have the same particle size, shape, or composition of sand and does not perform the same function of sand, namely to hold down the rubber infill. (Schmitt Decl., ¶3.)

As such, any field having an infill including a siliceous sedimentary compound would not infringe the '885 patent as a matter of law. Further, the fact that GST has never installed any such field in Illinois or in any other state, only serves to highlight FieldTurf's motivation in filing this patent infringement suit in an inconvenient forum against an up and coming competitor that it perceives as a threat.

Accordingly, because GST is not subject to personal jurisdiction in the State of Illinois, the Court should dismiss the present suit pursuant to 28 U.S.C. §1406(a).

### III.  ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS CASE TO THE EASTERN DISTRICT OF MICHIGAN IN THE INTEREST OF JUSTICE

#### A.  Applicable Law To Transfer Due To Improper Venue

Even if the Court were to determine that personal jurisdiction exists, the Court has discretion to transfer this case to a district where the action could have been brought. 28 U.S.C.

§1406 (a). Specifically, section 1404(b) authorizes a district court to transfer a case in the interests of justice and for the convenience of the parties and witnesses. *Lexecon Inc. v. Milberg Weiss Bershard Hynes & Lerach*, 523 U.S. 26, 34 (1998).

The court may transfer this case if (1) the Defendant is subject to the jurisdiction of the proposed forum, (2) venue is proper in the proposed forum, and (3) the transfer is in the interest of justice. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962); *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986); *Law Bulletin Publishing Co. v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1017 (N.D. Ill. 1998). District Courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Tsaparikos v. Ford Motor Co.*, 2002 WL 31844949 (N.D. Ill. 2002).

In determining the convenience of parties and witnesses, the court must look to both the public and private interests. *United Airlines, Inc. v. Mesa Airlines, Inc.*, 8 F.Supp.2d 796, 798 (N.D. Ill. 1998). The private interest factors include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; and (4) the convenience to the witnesses and parties of litigating in the respective forums. *Id. See also, Confederation Des Brasseries de Belgique v. Coors Brewing Co.*, 2000 WL 88847, at *3 (N.D. Ill. 2000). The public interest factors include, among other things, the court's familiarity with the applicable law. *United Airlines*, 8 F.Supp.2d at 796. The convenience of witnesses has often been described as the most important factor under a section 1404(a) analysis. *See e.g. Coleman v. Buchheit, Inc.*, 2004 WL 609369, at *1-*2 (N.D. Ill.).

7

Here, GST seeks transfer of the present case to the Eastern District of Michigan. Not only does GST reside in the Michigan District which also is the location of GST's documents and principle witness, but FieldTurf is subject to jurisdiction in the Eastern District of Michigan.

### B.    FieldTurf is Subject To Jurisdiction In The Eastern District Of Michigan

FieldTurf has been engaged in the sale and installation of synthetic fields for many years throughout the United States. FieldTurf has conducted substantial business in the State of Michigan (including the installation of football fields at The University of Michigan and Ford Field, home of the Detroit Lions). (Schmitt Decl., ¶8.) In fact, according to FieldTurf's website, FieldTurf has installed at least thirteen separate fields in the State of Michigan. (Schmitt Decl., ¶8.)

Accordingly, FieldTurf is subject to personal jurisdiction in the Eastern District of Michigan.

### C.    Venue is Proper In The Eastern District of Michigan

GST is a resident of the State of Michigan and has its corporate headquarters in Rochester, Michigan. ( Decl., ¶2.) All GST executives and employees work at the office in Rochester, Michigan, and its company records and principal documents are located at the Rochester, Michigan office. Further, GST conducts extensive business in the State of Michigan. In fact, GST has installed the majority of its synthetic fields in the State of Michigan. (Schmitt Decl., ¶7.)

Therefore, in view of GST's and FieldTurf's extensive contacts with the State of Michigan and specifically the Eastern District of Michigan, venue is proper in that District and this action could have – and should have – been originally brought in that forum.

8

### D.    The Interests Of Justice Mandate Transfer Of Venue To The Eastern District Of Michigan

#### 1.    Public Forum

Plaintiff, FieldTurf International, Inc. is a Florida corporation having a place of business in Georgia, while plaintiff, FieldTurf, Inc. has its principal place of business in Montreal, Canada. (Complaint, ¶¶1-2.) GST believes that all of the relevant principals, employees and manufacturing facilities for both Plaintiffs are located or reside outside the State of Illinois. In fact, GST believes that Plaintiffs' only nexus to the State of Illinois is the fact that their patent counsel is located in the State of Illinois. However, the convenience of Plaintiffs' patent counsel is not an appropriate consideration in a transfer analysis. *Hemstreet v. Caere Corp.*, 1990 WL 77920 at *6 (N.D. Ill. 1990).

Additionally, Courts give Plaintiffs' choice of forum less deference when it bears little relation to the suit in question. *In Re National Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). In this instance, the Northern District of Illinois has no discernable relation to the issues or facts involved in the present suit and should therefore be given little deference by the Court.

GST has a substantial interest in transferring the case to the State of Michigan, as all of its principals who are involved in day-to-day decision-making, all of its employees, and all of its company records are located within the State of Michigan. (Schmitt Decl., ¶2.) GST does not have any principals, employees or sales people located in Illinois. (Schmitt Decl., ¶2.) Further, GST's manufacturing facilities, while not located in Michigan, are not located in the present forum. (Schmitt Decl., ¶2.) If GST were forced to litigate this matter in Illinois, it would be forced to expend large amounts of resources. Furthermore, as FieldTurf's corporate offices, facilities and most, if not all, of its principals and employees, are located outside of the State of Illinois, FieldTurf would not be prejudiced by transferring venue to the Eastern District

of Michigan. Put simply, FieldTurf has no greater interest in litigating this matter in the State of Illinois than it would in the State of Michigan.

Accordingly, because FieldTurf's choice of forum bears little relation to the suit in question, its choice of forum should be given little deference by this Court.

### 2.    Situs of Material Events

When "material events" leading to litigation do not take place in the Plaintiff's chosen forum, the Plaintiff's choice of forum is given less deference. *Dunn v. Soo Line R.R. Co.*, 864 F.Supp 64, 65 (N.D. Ill. 1994). Material events are those that give rise to the cause of action. *Id.* Furthermore, the location of material events for purposes of venue is the location where the defendant's decisions and activities that give rise to the claim took place. See *Biomet, Inc. v. Stryker Howmedica Osteonics Corp.*, 2004 WL 769358 (N.D. Ill. 2004).

In the present case, none of the allegedly infringing fields identified in the Complaint are found in the State of Illinois (Complaint, ¶6), while at least two of the allegedly infringing fields are found in the State of Michigan (Olivet College and East Kentwood High School). (Schmitt Decl., ¶7.) Furthermore, all of GST's decision-making is handled out of its offices in Rochester, Michigan. Thus, Plaintiff's choice of forum also should be given little deference.

### 3.    The Relative Ease of Access of Proofs

Patent infringement suits usually focus on the activities of the alleged infringer, its employees, and its documents rather than upon those of the plaintiff. *Berol Corp. v. Bic Corp.*, 2002 WL 146829 at *5 (N.D. Ill. 2002). In this case, most documents and tangible evidence relating to the alleged infringement are located in Michigan. *See, e.g. First Horizon Pharmaceutical Corp. v. Breckenridge Pharmaceutical, Inc.*, 2004 WL 1921059 (N.D. Ill. 2004).

The transfer of documents and other tangible evidence to Illinois would impose a great burden and expense on Defendant. All of GST's witnesses, documents and other tangible evidence are located in Michigan. Meanwhile, it is believed that most, if not all of FieldTurf's documents and other tangible evidence relevant to this matter are located either in Florida, Georgia, or Canada -- not in Illinois.

As GST would be substantially burdened by transferring documents and other tangible evidence to Illinois, while FieldTurf would be no more burdened transferring documents to Michigan than Illinois, GST believes that the relative ease of access of proofs in the State of Michigan weighs in favor of transferring venue to the Eastern District of Michigan.

### 4.    The Convenience of Parties and Witnesses

In analyzing the convenience of parties, the Court must consider "their respective residence and abilities to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injunction Molding Systems Ltd.*, 887 F.Supp 185, 188 (N.D. Ill. 1995). Further, the determination of the convenience of witnesses is often considered the most important factor in the transfer balance. *Tingstol v. Rainbow Sales, Inc.*, 18 F.Supp.2d 930, 933 (N.D.Ill. 1998)

GST's executives, as well as most, if not all, potential witnesses currently contemplated by GST relating to the alleged infringement, are located in Michigan, not Illinois. The burden and expense of traveling to Illinois, which is approximately 250-300 miles from Rochester, Michigan, invokes significant hardship upon GST.

Also, Defendant believes that most principals and witnesses of FieldTurf relevant to this matter are not located in Illinois, as mentioned above. The travel to Michigan by plaintiffs' principals and witnesses would thus impose no greater burden on plaintiff than travel to Illinois.

11

As GST would be substantially burdened by traveling to Illinois, while FieldTurf would be no more burdened in traveling to Michigan rather than Illinois, GST submits that this factor also weighs in favor of transferring venue to the Eastern District of Michigan.

### 5. The Interest of Justice

The "interest of justice" analysis relates to the efficient functioning of the courts, not the merits of the underlying dispute. *Coffey*, 796 F.2d at 221. The factors considered in this analysis often include the prospects of a speedy trial, the relationship of the community to the issue of the litigation, and the court's familiarity with the applicable law. *Int'l Truck and Engine Corp. v. Dow-Hammond Trucks Co.*, 221 F.Supp.2d 898 (N.D.Ill. 2002). Further, even where the alleged infringement occurred in both the transferor and transferee forum, this Court has previously deemed the defendant's home forum to have substantial connection to the litigation. *Colida v. Kyocera Wireless Corp.*, 2003 WL 1741396 (N.D. Ill. 2003).

As the burden in litigating this matter in Illinois is substantial for GST, while the burden of litigating this matter in Michigan imposes no greater burden for FieldTurf than litigating this matter in Illinois, and because all of the factors described above either favor GST or are neutral, the transfer of this matter to the Eastern District of Michigan, Southern Division, is in the interest of justice. *Goldlawr*, 369 U.S. at 467.

## IV.    CONCLUSION

Because FieldTurf filed this suit in an improper district, GST moves this Court to dismiss Plaintiff's suit, as authorized 28 U.S.C. §1406(a).  In the alternative, GST moves this Court to transfer the Complaint to the United States District Court for the Eastern District of Michigan, as authorized 28 U.S.C. §§1404(b) and 1406(a), in the interest of justice, and for the convenience of the parties and witnesses.

Respectfully Submitted,

By: _____

Thomas J. Wimbiscus
Robert A. Surrette
**McANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661

John A. Artz (P 24679)
John S. Artz (P 48578)
Steven W. Hays (P 53786)
**ARTZ & ARTZ P.C.**
28333 Telegraph Road, Suite 250
Southfield, MI  48034
(248) 223-9500

***Attorneys for Defendant***

Dated: November 15, 2004

13

## CERTIFICATE OF SERVICE

I certify that on this 15th day of November, 2004, I served a copy of the foregoing **Defendant's Brief In Support Of Motion To Dismiss For Lack Of Venue Or Transfer Venue Under 28 U.S.C. § 1406(a)** via Hand Delivery as follows:

> Jody L. Factor
> Edward L. Bishop
> Factor & Lake, Ltd.
> 1327 W. Washington Boulevard
> Suite 5G/H
> Chicago, IL  60607

14

# See Case File for Exhibits